UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HEFTZIBA MANDELL | : | CIVIL NO. 3:17-cv-01282 (MPS) |
| | : | : |
| | : | |
| V. | : | |
| | : | |
| DONNA DOLLOF, INVIDIUALLY AND AS | : | |
| EXECUTRIX OF THE ESTATE OF BARBARA | : | |
| GOYETTE, DECEASED, RAYMOND | : | |
| GOYETTE, ESTATE OF BARBARA U. | : | |
| GOYETTE, JOHN DOES, and JOHN DOE | : | SEPTEMBER 27, 2017 |

**MOTION TO DISMISS ACTION**

Pursuant to Fed. R. Civ. P. Rule 12(b) and 12(h)(3), Defendants Donna Dollof, Individually and as Executrix of the Estate of Barbara Goyette, Deceased, Raymond Goyette and Estate of Barbara U. Goyette (hereinafter, "Defendants") hereby respectfully move to dismiss the above captioned action in its entirety where the federal court lacks subject matter jurisdiction pursuant to the probate exception to diversity jurisdiction where, at all times relevant to Plaintiff Heftbiza Mandell's Complaint and Amended Complaint the property that is the subject of the dispute was in the custody of the State of Connecticut Probate Court, and where the court should refrain from exercising jurisdiction because of principles of res judicata. In support of this motion, Defendants state the following:

I.  INTRODUCTION/FACTS

a. PLAINTIFF'S COMPLAINT

This action was initiated by Plaintiff, Heftbiza Mandell (hereinafter, "Plaintiff") against Defendants by way of a Complaint on July 31, 2017 (ECF No. 1). On August 1, 2017, Plaintiff filed an Amended Complaint against all Defendants (ECF No. 2). Defendants were served on

August 7, 2017 and an Affidavit of Service for Summons was filed with the Court on August 18, 2017 (ECF No. 8). Defendants were granted an extension of time up to and including September 27, 2017 to file their initial responsive pleading to the Amended Complaint (ECF No. 11).

In the Amended Complaint, Plaintiff alleges that this Court has jurisdiction pursuant to 28 USC §1332 and that venue is proper pursuant to 28 USC §1391(b)(2). Plaintiff alleges that she contracted with Defendant Donna Dollof and Defendant Raymond Goyette (hereinafter, "Contracting Defendants") to purchase real property located at 93 Prospect Hill Road, Windsor, Connecticut 06088, and more specifically designated as Map 102, Block 14 and Lot 008 with the Town of East Windsor Tax Assessor (the "Property"), for the purchase price of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars on April 28, 2017 (hereinafter, "Mandell Contract"). Plaintiff alleges that, after entering into the Mandell Contract, she ordered a title search and was later informed from Contracting Defendants' attorney, Derek Donnelly, that title was vested with the Estate of Barbara Goyette, that there were additional charges owed upon the Property and that there was difficulty with the closing. Plaintiff alleges that on July 26, 2017, she became aware that the real estate closing file was transferred from Attorney Donnelly to Attorney Robert Curzan, the attorney for the Estate of Barbara Goyette. Plaintiff makes no claim that she ever attempted to contact Attorney Curzan regarding the Mandell Contract, but does allege that she later became aware through the attorney for the Town of East Windsor, Johnathan A. Kaplan, that an unknown party or unknown parties, John Doe #1-100 and John Doe #1-101 Individually and as Executor of the Estate of John Doe #2 (hereinafter, "Defendants Doe"), had entered into a real estate purchase contract to purchase the Property (hereinafter, "Doe Contract").

The Mandell Contract contained a closing date of June 1, 2017. (EXHIBIT A). Based on the allegations contained within the Amended Complaint, Plaintiff made no attempt to amend the

Mandell Contract to extend the closing date once she learned that there were issues with the closing, thereby allowing the Mandell Contract to expire pursuant to its terms.  As admitted in Paragraph Eighteen and Paragraph Twenty-One of the Amended Complaint, Plaintiff ordered a title report on the Property and the parties became aware that title to the Property was vested in the Estate of Barbara Goyette.  Based on the allegations contained within the Amended Complaint, Plaintiff never made an attempt to enter into a new contract and/or amend the existing contract to include the Estate of Barbara Goyette as the seller.  As admitted in Paragraph Twenty-Six, Plaintiff became aware on July 26, 2017 that the real estate closing file had been transferred to the attorney for the Estate of Barbara Goyette, Robert Curzan.  Based on the allegations contained within the Amended Complaint, Plaintiff never contacted Attorney Curzan regarding her interest in purchasing the Property.  The allegations set forth in the complaint clearly indicate that Plaintiff allowed for the Mandell Contract to expire and did absolutely nothing to protect her alleged interest in the Property until the filing of the instant action.

In her Amended Complaint, Plaintiff claims that Contracting Defendants unlawfully repudiated the Mandell Contract without notice.  In the First Cause of Action, Plaintiff claims that Contracting Defendants and Defendant Donna Dolloff, as Executrix of the Estate of Barbara Goyette (hereinafter, "Defendant Executrix") breached the Mandell Contract by failing and refusing to convey the Property to her and seeks specific performance of the conditions and provisions of the Mandell Contract.  In the Second Cause of Action, Plaintiff seeks declaratory judgment declaring her rights superior to and barring the rights of Defendants Doe under the Doe Contract.  In the third Cause of Action Plaintiff claims that Defendant Doe have tortuously interfered with the Mandell Contract.  In the Fourth Cause of Action, Plaintiff claims that she is entitled to a constructive trust over the Property.

b. PROBATE COURT PROCEEDINGS

Barbara U. Goyette passed away on March 20, 2006.  At the time of Barbara Goyette's death, she was the sole owner of property located at 93 Prospect Hill Road, East Windsor, Connecticut (hereinafter, the "Property") by virtue of a Certificate of Devise dated December 17, 1965 and filed on January 3, 2017 at Volume 88, Page 540 of the East Windsor Land Records. (EXHIBIT B).  Application/Administration or Probate of Will for Barbara U. Goyette was filed with the State of Connecticut Court of Probate, Greater Windsor Probate Court, District No. 04 by Donna Dolloff on June 21, 2012.  (EXHIBIT C).  Donna Dolloff was appointed Executrix of the Estate of Barbara U. Goyette on July 24, 2012.  (EXHIBIT D).  The Last Will and Testament of Barbara U. Goyette was admitted by the Probate Court (Hon. Marianne Lassman Fisher) on July 24, 2014.  (EXHIBIT E).

On July 17, 2017, an Application to Sell or Mortgage Real Property was filed with the Probate Court as well as a Real Estate Purchase Contract entered into between Donna Dolloff, Fiduciary Representative of Estate of Barbara Goyette and Frank P. Fitzgerald, or his nominee for the purchase price of $250,000.00 (hereinafter, "Fitzgerald Contract 1").  (EXHIBIT F).  On July 26, 2017, the State of Connecticut Court of Probate issued a Notice of Hearing to take place on August 17, 2017 to rule upon a petition for permission to sell Property.  (EXHIBIT G).  Prior to the hearing, an additional offer to purchase the Property, by way of a prepared contract, was presented by Wiggin and Dana, LLP in the amount of $275,000.00 (hereinafter, "Wiggin Contract 1").  (EXHIBIT H).

At the hearing on August 17, 2017, counsel for Frank Fitzgerald and counsel for Wiggin and Dana, LLP represented they wished to offer further competitive bids for the purchase of the Property to the Probate Court for consideration and the fiduciary agreed to continue the hearing

on approval of the sale to allow the parties to prepare additional bids.  Also at the hearing, the Probate Court acknowledged its receipt of the Lis Pendens encumbering the Property pursuant to the instant action and acknowledged that it was aware that the instant action pertained to another offer to sell the Property.  The Probate Court then issued a decree continuing the hearing to August 22, 2017 and ordering that final and best offers for the purchase of the Property be submitted at that time.  (EXHIBIT I).

At the hearing on August 22, 2017, an additional prepared contract with a final and best price was presented by Frank Fitzgerald (hereinafter, "Fitzgerald Contract 2") and an additional prepared contract with a final and best price was presented by Wiggin and Dana, LLP (hereinafter, "Wiggin Contract 2").  A decree was entered, wherein the Probate Court (Hon. Marianne Lassman Fisher) found that it was in the best interest of the parties in interest to grant the fiduciary's application for permission to sell the Property at a private sale to Wiggin and Dana LLP, or its nominee, for the sum of $555,000.00.  (EXHIBIT J).  A closing took place thereafter on August 29, 2017 and title to the Property was transferred, by way of an Executrix's Deed, to 93 Prospect Hill Road, LLC.  (EXHIBIT K).

## II.  STANDARD OF REVIEW/LAW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it…In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court…may refer to evidence outside the pleadings…A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived…In some instances, if subject-matter jurisdiction turns on


on approval of the sale to allow the parties to prepare additional bids.  Also at the hearing, the Probate Court acknowledged its receipt of the Lis Pendens encumbering the Property pursuant to the instant action and acknowledged that it was aware that the instant action pertained to another offer to sell the Property.  The Probate Court then issued a decree continuing the hearing to August 22, 2017 and ordering that final and best offers for the purchase of the Property be submitted at that time.  (EXHIBIT I).

At the hearing on August 22, 2017, an additional prepared contract with a final and best price was presented by Frank Fitzgerald (hereinafter, "Fitzgerald Contract 2") and an additional prepared contract with a final and best price was presented by Wiggin and Dana, LLP (hereinafter, "Wiggin Contract 2").  A decree was entered, wherein the Probate Court (Hon. Marianne Lassman Fisher) found that it was in the best interest of the parties in interest to grant the fiduciary's application for permission to sell the Property at a private sale to Wiggin and Dana LLP, or its nominee, for the sum of $555,000.00.  (EXHIBIT J).  A closing took place thereafter on August 29, 2017 and title to the Property was transferred, by way of an Executrix's Deed, to 93 Prospect Hill Road, LLC.  (EXHIBIT K).

## II.     STANDARD OF REVIEW/LAW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it…In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court…may refer to evidence outside the pleadings…A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived…In some instances, if subject-matter jurisdiction turns on

contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own…When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514, 126 S. Ct. 1235, 1244–45, 163 L. Ed. 2d 1097 (2006).

"The defense of *res judicata* or release may be raised on a Rule 12(b)(6) motion to dismiss if all relevant facts are shown by the court's own records…In considering a *res judicata* defense, a court may judicially notice prior pleadings, orders, judgments, and other items appearing in the court records of prior litigation that are related to the case before the Court. (Internal quotations and citations omitted). *Patrowicz v. Transamerica HomeFirst, Inc.,* 359 F. Supp. 2d 140, 144 (D. Conn. 2005). "Res judicata, or claim preclusion, prevents a party from relitigating a claim if four conditions are met: 1) there was a final judgment on the merits in the first action; 2) the judgment was rendered by a court of competent jurisdiction; 3) the first action involved the same parties or their privities; and 4) the first action involved the same cause of action…The claim preclusion doctrine bars not only issues that were adjudicated in the first proceeding, but also any other issue or claim that could have been raised or decided, but was not." (Internal citations omitted). *Ramirez v. Brooklyn Aids Task Force*, 175 F.R.D. 423, 426 (E.D.N.Y. 1997*), aff'd,* 164 F.3d 619 (2d Cir. 1998).

### III.   ARGUMENT

#### A.   COURT LACKS SUBJECT MATTER JURISDICTION

The instant action should be dismissed where the Court lacks subject matter jurisdiction pursuant to the probate exception to diversity jurisdiction where, at all times relevant to Plaintiff Heftbiza Mandell's Complaint and Amended Complaint, the Property was in the custody of the State of Connecticut Probate Court.

"Federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494, 66 S. Ct. 296, 298, 90 L. Ed. 256 (1946). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311–12, 126 S. Ct. 1735, 1748, 164 L. Ed. 2d 480 (2006)

As set forth by the Court in Lefkowitz v. Bank of New York, 528 F.3d 102 (2d Cir. 2007):

> [W]e established a two-part inquiry to determine whether the controversy at issue implicates probate matters such that the probate exception to federal jurisdiction applies… The first part of the inquiry questions whether the matter to be litigated is purely probate in nature—i.e. whether the federal court is being asked to probate a will or administer an estate directly. Since few practitioners would be so misdirected as to seek, for example, letters testamentary or letters of administration from a federal judge, the first prong of the analysis is rarely violated. The second part of the inquiry focuses on whether the matter is 'probate related,' requiring the federal court to question whether the action would: (1) interfere with the probate proceedings; (2) assume general jurisdiction of the probate; or (3) assume control of property in the custody of the state…We held in *Moser* that if the answer to any of these questions is yes, then the probate exception applies. We also noted that, in practice, the 'interference prong' is ... the workhorse of the probate exception.

*Id*. at 105.

In this case, Plaintiff seeks specific performance with regard to the conveyance of the Property, a determination of her rights in the Property, tortious interference with her rights in the Property and a constructive trust over the Property. The action requires the Court to exercise control over, dispose of and/or determine rights to property that was/is in the custody of the Probate

7

Court and, therefore, the court must determine under the probate exception that it lacks jurisdiction to consider these claims and properly dismiss the instant action. *Id*. at 107.

### B. APPLICATION OF RES JUDICATA

Connecticut General Statute Sec. 45a-164, *Sale or Mortgage of Real Property*, provides, in pertinent part, "(a) Upon the written application of…the executor or trustee under any will admitted to probate by the court, after such notice as the court may order and after hearing, the court may authorize the sale… of the whole or any part of… any real property in this state of such…deceased person or trustee…if the court finds it would be for the best interests of the parties in interest to grant the application." The Probate Court, having knowledge of the Mandell Contract and having been presented Fitzgerald Contract 1, Wiggin Contract 1, Fitzgerald Contract 2 and Wiggin Contract 2, found that it was in the best interest of the parties in interest to order the sale of the Property to Wiggin and Dana, LLP. (EXHIBIT J). Such finding was because the purchase price contained within Wiggin Contract 2 was significantly more than the purchase price contained in any of the other contracts and based on the finding that granting the same was in the best interest of the estate. This was a legal and reasonable exercise of the Probate Court's discretion. See: *Bishop v. Bornaro*, 20 Conn. App. 58 (1989) (Finding that it was within the Probate Court's discretion to order a sale to an intervening purchaser, despite there already being a signed contract, where the intervening purchaser offered $30,000 more than the original purchaser and where such offer was thereby in the best interest of the estate).

The Probate Court's Order and Decree that the Property be sold to Wiggin and Dana, LLP or its nominee for the sum of $555,00.00 was a final judgment on the merits, was rendered by a court of competent jurisdiction, involved the same parties or their privities (as the Mandell Contract was recognized by the Probate Court) and involved the same cause of action, i.e. a

determination as to the sale of the Property. Plaintiff, who admittedly had knowledge that the Property was vested in the Estate of Barbara Goyette and who admittedly had knowledge that the real estate file had been transferred to and the Estate of Barbara Goyette could have raised any issue or claim with regard to the sale of the property to the Probate Court, but failed to do so. Therefore, the doctrine of res judicata applies and Plaintiff should be precluded from bringing the instant action and the instant Motion to Dismiss should be granted.

## IV.   CONCLUSION

As established herein, the instant action should be dismissed where: 1. The court lacks subject matter jurisdiction pursuant to the probate exception to diversity jurisdiction; and 2. Res judicata, or claim preclusion, prevents Plaintiff from bringing the instant action.

DEFENDANTS,

By:   */S/ Melissa S. Harris (ct29904)*

Melissa S. Harris
Dowley & Associates
116 Washington St.
Middletown, CT 06457
Federal Bar #ct29904
Email: melissa.harris@dowleylaw.com
Phone:  860-347-9987
Fax:  860-347-3597

**CERTIFICATION OF SERVICE**

On September 27, 2017, I hereby certify that a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.  A copy of the foregoing was sent to the following pro se parties and/or counsel of record:


Paul L. Brozdowski
Law Offices of Paul L. Brozdowski, LLC
10 Middle Street, 7th Floor
Bridgeport, CT 06604
Phone:  203-367-9447
Fax:  203-367-9353
Email:  plb@attyplb.com

Matthew C. Brown
Wiggin & Dana – NH
One Century Tower
265 Church Street P.O. Box 1832
New Haven, CT 06508
Phone:  230-498-4380
Fax:  203-782-2889
Email:  mbrown@wiggin.com


*/S/ Melissa S. Harris (ct29904)*

Melissa S. Harris