UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEFTZIBA MANDELL : | NO: 3:17-CV-01282 (MPS) |
| : | |
| V. : | |
| : | |
| DONNA DOLLOFF, Individually and as : | |
| Executrix of the Estate of BARBARA GOYETTE, : | |
| Deceased; RAYMOND GOYETTE; : | |
| THE ESTATE OF BARBARA U. GOYETTE; : | |
| JOHN DOES #1-100, and JOHN DOE #101 : | |
| Individually and as Executor of the Estate of : | |
| JOHN DOE #102, Deceased, : | |
| : | AUGUST 1, 2018 |

Plaintiff's Revised Memorandum of Law
In Support of Motion for Reconsideration

**Introduction**

It is most true that this Court will not take jurisdiction if it should not ... it is equally true, that it must take jurisdiction, if it should.... We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. *Lefkowitz v. Bank of New York,* 528 F.3d 102, quoting Chief Justice Marshall in *Cohens v. Virginia,*

The plaintiff has alleged, inter alia, that she and the defendant Dolloff have an enforceable contract for the sale of real property in East Windsor, Connecticut, that Dolloff has breached the contract by refusing to convey title to the property, and that the plaintiff is entitled to specific performance as a remedy for the breach. Jurisdiction of this court has been based on diversity of the parties. This would be a run-of-the mill contract action save for the fact that at the time the contract was signed and when this complaint was filed the property subject to the contract was an asset of an estate which was subject to the jurisdiction of the Connecticut Probate Court. In

1

response to a motion to dismiss, this court has rendered a judgment granting the motion with respect to those counts in the complaint based upon the alleged breach of contract on the ground that the probate exception precluded it from exercising jurisdiction over them.

It is respectfully suggested that the decision herein has not taken proper notice of relevant Connecticut law, and has not applied that law as it should, to the issues raised by the motion to dismiss, and consequently has mis-applied the effects of the precedents cited by the court in support of its decision.

**Argument**

In responding to the plaintiff's breach of contract claims, this court has stated:

> Each of these claims would require this Court to exercise control over property within the custody of the Probate Court when this action was filed, and thus, each falls outside this Court's jurisdiction, [citing Section 45a-98 of the Connecticut General Statutes.]
>
> Rulings on Motions to Dismiss, page 6.

However, pursuant to the statutory and common law of Connecticut:

> Section 45a–98 … does not provide jurisdiction over a breach of contract action, whether to obtain damages or specific performance, simply because the property belongs to an estate…. [T]he Probate Court (is) not a court of competent jurisdiction under § 45a–98(a)(3) with regard to the plaintiffs' claim for specific performance.
>
> *Bender v. Bender*, 292 Conn. 696, 716 (2009).

2

How is it, then, that the federal court has jurisdiction over the substantive cause of action (breach of contract), but not over the property, while the Probate Court has jurisdiction over the property, but not over the cause of action?

There is an answer to this puzzle – but that answer is not supplied by the decisions relied upon by the court to support its decision to dismiss the complaint, namely *Markham*, *Marshall*, and *Lefkowitz*. *Markham* applied the probate exception to those cases that "interfered" with Probate practice. *Lefkowitz* noted that, "In deciding *Marshall*, the Supreme Court acknowledged that the oft-quoted language relied on in *Moser* from the 1946 *Markham* decision, that federal courts may not 'interfere with the probate proceedings,' is not a model of clarity. *Marshall*, 126 S.Ct. at 1747–48." The *Lefkowitz* court went on to limit the definition of "interference" to those decisions that affect the rights of a local probate court to "administer a probate matter or exercise control over a res in the custody of a state."

But even after *Lefkowitz* there remains a "lack of clarity." Neither *Markham*, *Marshall* or *Lefkowitz* define what is meant by "control" or "custody." No probate court has "custody" of land in the sense of physical possession. In Connecticut "control" over the land by the Probate Court means the power of the court to order transfer of title under very limited circumstances. ("The Probate Court's authority to order the sale of real property is special and statutory and the authority must be strictly followed, otherwise the order of sale will be void..." *Zanoni v. Lynch*, 79 Conn.App. 309, 322 (2003)). But those circumstances do not include transfer of title as the result of a trial seeking specific performance of an executory contract. That power is reserved to a different court.[1]

---

[1] It is not even clear that the subject of this law suit is real property. Should the plaintiff prevail, what would be transferred is not physical land but a paper deed. That deed would convey Dolloff's interest in the property to Mandell. At the time the contract was signed, Dolloff held legal title to

3

In its decision this court has observed that, "The Court's exercise of federal jurisdiction over Counts One, Two, and Four contravenes the probate exception's rationale that 'no two courts may exercise simultaneous jurisdiction over the same res.' *Lefkowitz*, 528 F.3d at 107 (*citing Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939))." But simultaneous jurisdiction <u>here</u> is between this court and a Connecticut Superior Court, not a probate court. By definition there is no rational reason to apply the **probate** exception.

In Connecticut the Probate Court would not have control over the affected property for the purpose of this litigation as a matter of law.² That law must be applied by this court in deciding whether the probate exception precludes its jurisdiction over the complaint herein. It is clear that pursuant to the law of Connecticut, the Probate Court does not have the type of control over the property that is envisioned by *Markham, Marshall* and *Lefkowitz*. The Mandell complaint does not "interfere" in any way with the Connecticut probate proceedings because Connecticut considers her cause of action to be completely independent of those proceedings. There is no federal case law that contradicts this position. As a result, this court is bound by Connecticut's interpretation of its own probate laws and the cases decided thereunder.

> [A] federal court acts essentially as a state court in addressing pendent state law claims. ..In applying pendent jurisdiction, federal courts are bound to apply state

---

the property as beneficiary of the Goyette estate. "Under the doctrine of equitable conversion ... the purchaser of land under an executory contract is regarded as the owner, subject to the vendor's lien for the unpaid purchase price, and the vendor holds the legal title in trust for the purchaser....The vendor's interest thereafter in equity is in the unpaid purchase price, and is treated as personalty ... while the purchaser's interest is in the land and is treated as realty." (Citations omitted; internal quotation marks omitted.) *Salce v. Wolczek*, , 141 Conn.App. 528, 534 (2013). Specific performance of the Dolloff/Mandell contract would transfer Dolloff's personal, not real, property. And her personal property is not a res controlled by the Probate Court.

² For example, when the property was the subject of the foreclosure action, Barbara Dolloff, as executor of the estate, did not seek dismissal of the action on the ground that the property was under the exclusive control of the probate court.

substantive law to the state claim…This includes any restrictions set by the state on whether a plaintiff may bring a court action regarding the claim.

> *Baker v. Coughlin*, 77 F.3d 12, 15 (C.A.2 (N.Y.),1996)

This Court adopts the local law of real property, as ascertained by the decisions of the State Courts; whether those decisions are grounded on the interpretation of statutes, or on unwritten law which has become a fixed rule of property in the State.

> *Jackson ex dem. St. John v. Chew*, 1827 WL 3046, at *1 (U.S.,1827)

State claims brought under state law in federal court are subject to state procedural rules. *See, e.g., Felder v. Casey,* 487 U.S. 131, 141, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988).

> *Henneberger* v. County of Nassau, 465 F.Supp.2d 176, 197 (E.D.N.Y.,2006)

This Court applies state law to determine whether there is any possibility of recovery against the non-diverse party. ("[T]he Court will look to whether the plaintiff would be able to establish a possible claim under *the state declaratory judgment act*.").

> *Wilmington Savings Fund Society, FSB v. Universitas Education, LLC*, 164 F.Supp.3d 273, 284–85 (D.Conn., 2016)

There is no question but that Mandell could have brought this action in Connecticut's court of general jurisdiction, the Superior Court. That court would not have declined jurisdiction on the ground that specific performance would intrude on the power of the Probate Court to control the property that was the subject of the remedy sought by the plaintiff. The fact that she chose to exercise her right to the diversity jurisdiction of this court should not produce a different result. Nor do *Markham, Marshall,* and *Lefkowitz* compel that result. These decisions - and that of this court - assume that real property subject to probate administration is <u>always</u> controlled by the probate court. But in Connecticut, as explained above, in certain cases that is not true. In Connecticut the real property subject to the Mandell complaint would not be controlled by the probate court. In real terms, it is the decisions of the Connecticut legislature and the Connecticut

5

courts that control the resolution of the issues presented by the instant motion to dismiss, not *Markham*, *Marshall*, and *Lefkowitz*.

Furthermore, the fact that a *lis pendens* was filed with the probate court before it ordered the sale of the property to Wiggin & Dana was notice to the probate court that in fact it <u>did not have control of the property</u> and therefore could not order a sale to the highest bidder. According to the Connecticut Supreme Court, the *lis pendens* filed by Mandell and served on the Probate Court was notice:

> …that the property should not be alienated, pendente lite, so as to preclude a court or a state referee acting as a court from granting such relief as is justifiable in the circumstances or such as would vitiate a judgment subsequently rendered at the conclusion of the litigation."

*Ravitch v. Stollman Poultry Farms, Inc.*, 62 Conn. 26, 33–34 (Conn. 1971).

There is no reason to believe that the probate court has control of property in Connecticut when the Connecticut Supreme Court has said that it does not.

**Conclusion**

Based upon the foregoing, the Plaintiff, Heftziba Mandell, respectfully requests that the Court reconsider its Ruling which granted the Motions to Dismiss against Defendants Donna Dollof and the Estate of Barbara Goyette as to Counts One, Two, and Four, and denied the Motions to Dismiss as to Count, and, upon reconsideration, deny in their entirety the Motions to Dismiss.

HEFTZIBA MANDELL,
PLAINTIFF

By: _____
Paul L. Brozdowski, Esq.

                                         Law Offices of Paul L. Brozdowski, LLC
                                         Attorneys for Plaintiff
                                         10 Middle Street, 7th Floor
                                         Bridgeport, Connecticut 06604
                                         Tel. # (203) 367-9447
                                         Fax # (203) 367-9353
                                         E-Mail: plb@attyplb.com
                                         CT Bar: 02258

## CERTIFICATION OF SERVICE

I hereby certify that on August 1, 2018, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. A copy of the foregoing was sent to the following pro se parties and/or counsel of record:

Michael T. Dowley, Esq.
Dowley & Associates
116 Washington St.
Middletown, CT 06457
Phone: 860-347-9987
Fax: 860-347-3597
Email: michael.dowley@dowleylaw.com

Matthew C. Brown, Esq.
Wiggin & Dana – NH
One Century Tower
265 Church Street P.O. Box 1832
New Haven, CT 06508
Phone: 230-498-4380
Fax: 203-782-2889
Email: mbrown@wiggin.com

_____
Paul L. Brozdowski